UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC,<br><br>                Plaintiff,<br>    v.<br>SUMMIT HILLS HOMEOWNERS ASSOCIATION and EDWARD KIELTY TRUST,<br><br>                Defendants. | Case No. 2:16-cv-01637-MMD-GWF<br><br>ORDER |
| SUMMIT HILLS HOMEOWNERS ASSOCIATION,<br><br>                Third-Party Plaintiff,<br>    v.<br>ALESSI & KOENIG, LLC,<br><br>                Third-Party Defendant. | |

**I.    SUMMARY**

This dispute arises from the foreclosure sale ("HOA Sale") of real property located at 2116 Peach Hill Avenue, Las Vegas, Nevada 89106 ("Property") to satisfy a homeowners' association lien. Two motions are currently pending before the Court. In the first motion, Plaintiff Nationstar Mortgage LLC seeks summary judgment on its quiet title/declaratory relief claim against all Defendants.[1] (ECF No. 54 at 13; ECF No. 1 at 6.) In the second motion, Defendant Edward Kielty Trust ("Kielty Trust")—current owner of

///

---

[1] Nationstar and Defendant/Third-Party Plaintiff Summit Hills Homeowners Association ("HOA") has since reached a settlement. (ECF No. 69.) Accordingly, the Court does not consider any arguments the HOA made in its briefing submitted before the settlement (ECF Nos. 56, 61). The Court previously denied the HOA's motion for summary judgment without prejudice (ECF No. 70).

the Property—moves for summary judgment in its favor on all of Nationstar's claims. (ECF Nos. 57, 58 at 4.) The Court deems Kielty Trust's motion as limited to only the claims Nationstar asserts against it—Nationstar's quiet title/declaratory relief and injunctive relief claims. (ECF No. 1 at 6, 12.) For the following reasons, the Court grants Kielty Trust's motion on Nationstar's quiet title/declaratory relief claim[2] and denies Nationstar's motion.[3]

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.[4]

Modesta Balderas ("Borrower") financed the purchase of the Property within the HOA with a $155,920 loan ("Loan") in 2005. (ECF No. 54-1 at 2–3.) The Loan was secured by a first deed of trust ("DOT") recorded in March 2005 and re-recorded in August the same year. (*Id.*; ECF No. 54-2.) The DOT was assigned to Nationstar via a corporate assignment of deed of trust on October 3, 2012. (ECF No. 54-3 at 2.)

Borrower failed to pay HOA assessments, and the HOA recorded the following notices through its agent, Alessi & Koenig, LLC ("Alessi"): (1) notice of delinquent assessment lien on May 9, 2012, stating $1,035.00 was due (ECF No. 54-5); and (2) notice of default and election to sell on August 13, 2012, noting $2,205.00 was due as of July 9, 2012 (ECF No. 54-6); and (3) a notice of trustee's sale scheduling the HOA's sale for February 13, 2013 and stating $3,555.00 was due recorded on January 14, 2013 (ECF
///

---

[2]The Court dismisses Nationstar's injunctive relief claim against Kielty Trust because an injunctive relief claim is not a standalone cause of action. *See, e.g.*, *Ozawa v. Bank of N.Y. Mellon*, No. 2:12-CV-494-JCM-RJJ, 2012 WL 3656520, at *3 (D. Nev. Aug. 24, 2012).

[3]In addition to the two pending motions, the Court has also reviewed Nationstar's response/reply (ECF Nos. 71, 72, 73 (essentially duplicative images) and Nationstar's notice of corrected image (ECF No. 74). The Court has also considered Kielty Trust's response—as the same as its countermotion (*see* ECF Nos. 57, 58) and its reply (ECF No. 75).

[4]The Court takes judicial notice of ECF Nos. 54-1 through 54-9 as they are records from the Clark County Recorder. *See, e.g.*, *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201).

2

No. 54-7). Alessi later recorded a second notice of trustee's sale which was recorded on July 31, 2013 and set the sale for August 28, 2013 as well as providing that $5,441.54 was due (ECF No. 54-8).

Relevant to the arguments Nationstar makes in this case, the HOA's Declaration of Covenants, Conditions, and Restrictions ("CC&Rs") (ECF No. 54-4) at section 12.4 provides:

> Notwithstanding any other provision hereof, no amendment, violation, breach of, or failure to comply with any provision of this Declaration and no action to enforce any such provision shall affect, defeat, render invalid or impair the lien of any Mortgage, deed of trust or other lien on any Lot taken in good faith and for value and recorded prior to the time of recording of notice of such amendment, violation, breach or failure to comply. Any subsequent Owner of such Lot shall, however, take subject to this Declaration, whether such Owner's title was acquired by foreclosure in a trustee's sale or otherwise.

(*Id.* at 32–33.)

Alessi sold the Property to Kielty Trust on August 28, 2013 for $6,000. (ECF No. 54-9.)

In its Complaint, Nationstar asserts the following claims: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against Kielty Trust. (ECF No. 1 at 6–12.) In the prayer for relief, Nationstar primarily requests an order declaring Kielty Trust took the Property subject to Nationstar's DOT. (*Id.* at 12–13.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could

///

find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV. DISCUSSION**

Kielty Trust argues that it is entitled to summary judgment because the HOA Sale extinguished Nationstar's DOT. (ECF No. 58.)

In analyzing the merits of the parties' arguments, the Court presumes that the HOA Sale extinguished the DOT and that Kielty Trust thus owns the Property free and clear of the DOT. *See Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 3:15-cv-00240-

MMDCBC, 2019 WL 470901, at *3 (D. Nev. Feb. 6, 2019) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A. ("SFR I")*, 334 P.3d 408, 419 (Nev. 2014)). Nationstar argues the following to rebut this presumption: (1) the sale is void because NRS § 116.3116 is unconstitutional—facially and as applied; (2) the HOA only elected to foreclose on the subpriority portion of its lien; and (3) equitable relief is warranted to set aside or reform the HOA Sale. (ECF No. 54.) The Court disagrees and addresses these arguments in turn.[5]

### A.  Constitutionality of NRS § 116.3116

Nationstar argues that NRS § 116.3116 is unconstitutional facially and as applied because the pre-2015 version of NRS § 116.3116 did not require constitutionally adequate notice. (ECF No. 54 at 2, 5–7.) Kielty Trust argues that NRS § 116.3116 is constitutional. (*See, e.g.*, ECF No. 58 at 20–22.) This Court has already rejected Nationstar's argument, as set forth in *Bank of N.Y. Mellon v. Log Cabin Manor Homeowners Ass'n*, 362 F. Supp. 3d 930, 934–37 (D. Nev. 2019). The Court likewise rejects the argument here.

### B.  Subpriority Foreclosure Argument

Nationstar next argues its DOT was preserved because the HOA only elected to foreclose on the subpriority portion of the lien. (ECF No. 54 at 7.) Nationstar's basis for this argument is that the HOA's notices did not specifically identify the forthcoming foreclosure sale as a superpriority sale and also referenced the CC&Rs which in turn purportedly represented that the HOA's lien was subordinate to the DOT. (*Id.*)

This Court has concluded that absent evidence to the contrary, it is to be assumed that HOA foreclosure sales are superpriority sales because it is unclear whether an HOA can split its lien—even when the HOA unequivocally expressed such an intent, in for example CC&Rs. *See, e.g., Bank of N.Y. Mellon v Khosh, et al.,* No. 2:17-cv-00957-MMD-PAL, 2019 WL 2305146, at *6 (D. Nev. May 30, 2019) (relying on *7912 Limbwood Ct. Tr.*

///

///

---

[5]To the extent the parties argue about Kielty Trust's status as a bona fide purchaser (*see, e.g.*, ECF No. 75 at 9–10), the argument is moot because the Court finds the HOA Sale extinguished the DOT.

*v. Wells Fargo Bank, N.A. (Limbwood II)*, No. 2:13-CV-00506-APG, 2015 WL 5123317, 28 at *2 (D. Nev. Aug. 31, 2015), *aff'd*, 707 F. App'x 479 (9th Cir. 2017)).

First, the mere failure to identify the foreclosure sale as a superpriority sale does not establish that the HOA elected to only foreclose on the subpriority portion of its lien. Second, the Nevada Supreme Court has held that "an HOA's CC&Rs cannot alter the nature of a properly conducted non-judicial foreclosure sale pursuant to NRS Chapter 116." *Deutsche Bank Nat'l Trust Co. v. SFR Invs. Pool 1, LLC*, No. 2:17-CV-1752 JCM (NJK), 2019 WL 96428, at * 5 (D. Nev. 2019)[6] (citing *SFR Invs. Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 419 (Nev. 2014) (internal quotation and citation omitted) (providing that "Chapter 116's provisions may not be varied by agreement, and rights conferred by it may not be waived . . . [e]xcept as expressly provided in Chapter 116")). "Therefore, any purported intent by the HOA to waive its superpriority rights through its CC&Rs cannot be enforced." *Id.*[7]

Finally, Nationstar contends that "Alessi confirmed it did not conduct a superpriority foreclosure by acknowledging it made no representations whether the sale would extinguish Nationstar's deed of trust." (ECF No. 54 at 9 (generally citing ECF No. 54-10).) Reasonable minds would disagree. The most reasonable reading of Alessi's statement is that it declined to make any representation as to the nature of the HOA Sale—that is whether it be a superiority or subpriority sale. (*See* ECF No. 54-10 at 8 (Alessi's witness—David Alessi—answering in deposition "No, absolutely not[]" as to whether it took any position on whether the DOT would be extinguished by the sale).)

///

---

[6] *Deutsche Bank* distinguishes *Limbwood II* to the extent the latter suggests that an HOA may decide to split its lien based on announcements the HOA's agent made at the relevant foreclosure sale and the language of the foreclosure deed itself. *See Deutsche Bank*, 2019 WL 96428, at * 5.

[7] The Court is unpersuaded by Nationstar's apparent contention that the language in the CC&Rs that purportedly constitutes the HOA's election of a subpriority sale does not amount to a waiver of any of the HOA's rights—but is instead an election of a remedy. ECF No. 54 at 8.) The Nevada Supreme Court has deemed it a waiver of a right. *SFR I*, 334 P.3d at 419 (quotation and citation omitted) ("Nothing in [NRS] 116.3116 expressly provides for a *waiver of the HOA's right to a priority position* for the HOA's super priority lien.") (emphasis added).

6

The Court finds Nationstar fails to establish that the HOA elected or was able to elect for a subpriority sale.

**C. Equitable Relief**

Nationstar argues that the Court should grant it equitable relief under *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon ("Shadow Canyon")*, 405 P.3d 641, 643, 648 (Nev. 2017). The Court declines to do so.

The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp. ("Shadow Wood")*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *Shadow Canyon*, 405 P.3d at 643 (also stating inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

Nationstar argues that the Court should grant it equitable relief because the Property sold for a low price—$6,000—and that low price was due to "unfairness, fraud and oppression." (ECF No. 54 at 9.) Kielty Trust counters that the price was adequate for a forced sale situation and there is otherwise no evidence of fraud, oppression or unfairness. (*See, e.g.*, ECF No. 58 at 10–17.) The Court agrees with Kielty Trust.

Aside from the price for which the Property was sold, Nationstar first contends that the opening bid, with no notice of a superpriority sale, guaranteed Alessi could not satisfy a reasonable portion of Nationstar's senior interest because the bid resulted in depressed sale price—and the HOA received the entire amount. (ECF No. 54 at 9.) Contrary to Nationstar's position (*id.* at 11), the Court finds this is a post-sale distribution issue which has no relevance to the Court's analysis as to the fairness of the sale itself.

Nationstar next argues unfairness because the law concerning the effect of HOA's foreclosure sale was uncertain and the HOA and Alessi purportedly compounded that uncertainty. (*Id.* at 11.) In particular, Nationstar argues that the HOA compounded the legal

7

uncertainty by not "explaining whether they intended a superpriority foreclosure, and, if so, whether they intended to extinguish the [DOT]"—and thus made it impossible to know whether the DOT was in danger and what Nationstar could do to protect it. This argument is unpersuasive. At the time of the HOA Sale, NRS § 116.3116 did not even require that the notices sent to Nationstar specifically state that the HOA sought to foreclose on the superpriority portion of its lien, much less provide instructions for how to protect the DOT.[8] *See Bank of Am., N.A. v. 583SC LLC*, 408 P.3d 548 (Table) n.1, 2017 WL 6542454, at *1 n.1 (Nev. 2017); *see also See Bank of N.Y. Mellon*, 362 F. Supp. 3d at 937 (quotation and citation omitted) ("[N]otice need not be an exhaustive guidebook to preserving one's interest. Rather, it must apprise interested parties of the pendency of the action."); *SFR I*, 334 P.3d at 418 (concluding that listing the entire amount due and owing at the time of recordation satisfied the requirement of reasonably calculated notice); *Shadow Wood*, 366 P.3d at 1114 (recognizing various means at the disposal of the first security interest holder to determine the superiority amount: "attend the sale, request arbitration to determine the amount owed, or seek to enjoin the sale pending judicial determination of amount owed").

Nationstar further argues that Alessi obstructed Nationstar's efforts to satisfy the superpriority portion of the lien because Alessi did not specify it was foreclosing on the superpriority portion and did not provide the superpriority amount in the HOA's notices. (ECF No. 54 at 11.) As the Court explained immediately above, Nationstar's position is unavailing because the notices comported with the requirements of due process and Nevada law at the time of the HOA Sale.

Finally, Nationstar resorts to its CC&Rs argument—that the HOA and Alessi promised that its foreclosure sale would not invalidate the DOT. (*Id.* at 12.) Nationstar argues that the HOA therefore breached "reasonable commercial standards of fair dealing in their foreclosure" by not informing the bank and bidders that its "promise" was false. (*Id.*

---

[8]The Nevada Supreme Court recently found that NRS § 116.31168 incorporates the mandatory notice provisions of NRS § 107.090, which requires notice of the time and place of the sale. *SFR Invs. Pool 1, LLC v. Bank of New York Mellon* ("*SFR II*"), 422 P.3d 1248, 1253 (Nev. 2018).

8

1 at 12.) However, a mortgage protection clause alone, like the CC&Rs here, is insufficient
evidence of unfairness to warrant setting aside an HOA foreclosure sale, *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, No. 2:17-cv-00256-JCM-NJK, 2018 WL 1002611, at *8 (D. Nev. Feb. 21, 2018), and as indicated above, any such promise was likely void as an invalid waiver by force of law.

In sum, the Court finds that the HOA Sale extinguished Nationstar's DOT and that Nationstar has not established that it is entitled to equitable relief under *Shadow Canyon*. Accordingly, the Court grants Kielty Trust's motion for summary judgment on Nationstar's quiet title/declaratory relief claim against it. Nationstar's injunctive relief claim is dismissed as explained *supra*. Nationstar's motion for summary judgment is denied.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant Edward Kielty Trust's motion for summary judgment (ECF No. 58) is granted. Defendant is granted summary judgment on Nationstar's quiet title/declaratory relief and injunctive relief claims against it. The Court dismisses Nationstar's injunctive relief claim against Edward Kielty Trust. The Court further declares that the HOA Sale extinguished Nationstar's DOT, and that Edward Kielty Trust took title to the Property free and clear of Nationstar's DOT.

It is further ordered that Nationstar's motion for summary judgment (ECF No. 54) is denied.

///
///
///
///
///

The Clerk of the Court is instructed to enter judgment in favor of Edward Kielty Trust in accordance with this order and close this case

DATED THIS 12th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE